IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. GEORGE,<br><br>          Plaintiff,<br><br>     v.<br><br>R. SCHULTZ, ET AL.,<br><br>          Defendants.<br>_____ | No. C 05-1070 CW (PR)<br><br>ORDER ADDRESSING PENDING<br>MOTIONS, DISMISSING ACTION<br>AND DENYING IN FORMA<br>PAUPERIS STATUS<br><br>(Docket nos. 2, 7, 10, 11) |

INTRODUCTION

Plaintiff Joseph A. George is a prisoner of the State of California who is incarcerated at Pelican Bay State Prison (PBSP). He has filed this civil rights action under 42 U.S.C. § 1983 and seeks leave to proceed in forma pauperis. Venue is proper in this Court because the injuries complained of occurred in Del Norte County, which is located within the Northern District of California. See 28 U.S.C. §§ 84, 1391.

STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under the color of State law. West v. Atkins, 487 U.S. 42, 48 (1988). "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Terracom v. Valley National Bank, 49 F.3d 555, 558 (9th Cir. 1995) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

## BACKGROUND

In his first amended complaint[1] Plaintiff asserts that after he arrived at PBSP from Lancaster State Prison correctional Officer Schultz confiscated Plaintiff's personal property and then kept it for himself, instead of sending it to Plaintiff's family. Plaintiff appealed the issue through the inmate grievance process. Although the grievance proceeded all the way to the third level of review, Officer Schultz was not interviewed because he had been on a leave of absence since May, 2004. The first level of appeal concluded that what mostly likely happened was that Plaintiff and another inmate's mail were mislabeled and each sent to the other's address. This was supported by information that Plaintiff's family had received property from PBSP that did not belong to Plaintiff.

---

[1] Plaintiff also has filed a "Motion for Leave to File Amended Complaint and Proposed Amendments." The proposed amendments actually are corrections to errata in the amended complaint. The Court liberally construes these corrections as an amendment to the first amended complaint rather than as a superceding second amended complaint and GRANTS Plaintiff's request. (Docket no. 11.)

2

Plaintiff further alleges that other officers tried to dissuade him from filing a staff complaint in March, 2005 by threatening to press assault charges against him.  Plaintiff filed two first level administrative appeals regarding this issue and they were combined.  See Plaintiff's Exhibits 15 & 16.  Plaintiff states that these appeals were denied, citing to the appeal screening form which is Exhibit 16.  However, that form pertains to appeal PBSP-B-04-00940, which is the appeal which Plaintiff pursued regarding Officer Schultz.  Plaintiff states that he then withdrew his appeal regarding the alleged threat.

## DISCUSSION

Plaintiff alleges that Officer Schultz stole his property and that other officers conspired to conceal this fact.  When a prisoner suffers a property loss that is random and unauthorized his remedy lies with the State, as neither the negligent nor intentional deprivation of property states a due process claim under § 1983 under such circumstances.  See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (State employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate State post-deprivation remedy, for example a State tort action, precludes relief because it provides adequate procedural due process.[2]  King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986).  California law provides an adequate post-deprivation remedy for

---

[2] Nor is a prisoner protected by the Fourth Amendment against the seizure, destruction or conversion of his property.  Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir.), cert. denied, 493 U.S. 868 (1989).

3

any property deprivations.  <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Accordingly, Plaintiff's claim for the deprivation of his property, including his conspiracy claim, is DISMISSED with prejudice.

Plaintiff's allegation of a First Amendment violation resulting from threats by staff also cannot go forward.  Based on the sequence of events described by Plaintiff with respect to his administrative appeal of this issue, the Court finds that the claim is unexhausted and therefore must be DISMISSED.  <u>See</u> 42 U.S.C. § 1997e(a); <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1117 n.9 (9th Cir.), <u>cert. denied</u>, 124 S. Ct. 50 (2003).  The dismissal is without prejudice to Plaintiff filing a new complaint once the claim has been exhausted through all levels of administrative review.  <u>Id.</u>

Finally, the Court DENIES Plaintiff's request for a preliminary injunction as there is no likelihood of success on the merits of any of his claims.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's property claim is DISMISSED WITH PREJUDICE.
2. Plaintiff's First Amendment claim is DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND.
3. The request for a preliminary injunction is DENIED.
4. Leave to proceed <u>in forma pauperis</u> is DENIED.

This Order terminates all pending motions.

The Clerk of the Court shall enter judgment and close the file.

4

IT IS SO ORDERED.

DATED: 11/9/05

_____
CLAUDIA WILKEN
United States District Judge